■ TRAVELERS INSURANCE COMPANY, Respondent, v MAURICE VALCORT, Appellant.—In a proceeding to vacate an arbitrator's award, the appeal is from a judgment of the Supreme Court, Queens County (Goldstein, J.), dated November 20, 1985, which granted the petition, denied a cross application to confirm the award, and vacated the award.

Judgment reversed, on the law, with costs, petition dismissed, cross application granted, and award reinstated and confirmed.

Special Term "exceeded the narrow bounds within which courts are authorized to alter [arbitration] awards" *(Matter of McKenna v County of Nassau,* 61 NY2d 739, 742). Where, as here, a party seeking to vacate an award has participated in

the arbitration, vacatur may only be granted upon one of the grounds enumerated in CPLR 7511 (b) (1) *(see, Matter of Silverman [Benmor Coats],* 61 NY2d 299, 307). CPLR 7511 (b) (1) (iv) authorizes vacatur of an award where there is a failure to follow the procedure of CPLR article 75 that has not been waived. In this case, Special Term's conclusion that there was some unspecified deviation from the prescribed statutory procedure is not supported by the record. Lazer, J. P., Mangano, Bracken and Kooper, JJ., concur.